The opinion of the court was delivered by
McEnery, J.
Defendants appeal from a judgment commanding them to take title to certain immovable property described in plaintiff’s petition.
The plaintiff and defendants entered into an agreement by which the former was to sell the property to the latter, tendering .them a good and perfect title. The defendants refused to accept title when tendered, on the ground that there was no personal warranty to plaintiff by his vendor; that the title tendered by plaintiff is a tax title, the property having been sold for the taxes of 1876, 1877 and 1878, made in pursuance of Act 82 of 1884; that the assessments of said property were defective in its description; that neither plaintiff *1187 nor his assigns have been in possession a sufficient length of time to acquire title by prescription, and that defendants fear that the absence of a stipulation of warranty in the title to plaintiff will cause them to be sued and evicted for defects of which they are not aware; that there were no taxes due on said property; that the owner was dead, and his wife also, at the time of the assessments. There is no evidence that the party to whom the property was assessed was dead at the time of the assessments, or that the taxes had been paid on said property.
The description of the property on the assessment rolls was sufficient to identify the property, and to point it out as the property of the party to whom it was assessed.
The deed to Smith, the tax debtor, described the property “as lots five, six, seven, eight, adjoining each other, and measure each thirty feet front on Washington street by a depth, between parallel lines, of one hundred and thirty feet six inches and four lines; said lot eight forming the corner of Washington and Broad streets; lots nine and ten adjoin each other, and measure each thirty feet on Broadway by a depth, between parallel lines, of one hundred and twenty feet.”
The assessment and the Tax Collector’s deed described the property as “ five certain lots of ground in the Sixth District of the city of New Orleans, in the square bounded by Washington, Broadway', St. Charles and Pine streets, designated as lots Nos. 5 to 9; measuring one hundred and twenty feet on Washington street by a depth of one hundred and sixty feet and four inches, forming the corner of Washington and Broadway streets.”
The measurement and lot numbers correspond to the title of the person, A. W. Smith, to whom the property was assessed. The property on the assessment rolls and the tax deed is described as a whole and in more accurate detail. This is only the substantial difference in the description.
It is argued that the tax debtor was living in 1880, and may appear and contest the defendants’ title. Apparently there are no defects in the tax title. It is prima faoie a good title, and we are not called upon to invalidate the title, because there is a possibility that Smith may appear and urge grounds of nullity that can only be conjectured, not even raising a cloud on the title as now presented.
The defendants are not'Concerned with the absence of warranty between plaintiff’s vendor and himself. Had there been an express *1188 warranty defendants could not avail themselves of it without subrogation.
Judgment affirmed.